IN THE EASTERN DISTRICT OF MISSOURI
UNITED STATES OF AMERICA

| | |
|---|---|
| AARON JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>CUTCO STORES, INC.<br><br>Serve: Registered Agent<br>CT Corporate Systems<br>120 South Central Ave.<br>Clayton, MO 63105<br><br>VECTOR MARKETING CORPORATION<br><br>Serve: Vector Marketing Corporation<br>1116 East State St.<br>Olean, New York, 14760<br><br>Defendants. | Cause No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COME NOW** Plaintiff, Aaron Jackson, and for his cause of action against Defendant Cutco Stores, Inc. and Defendant Vector Marketing Corporation states as follows to the Court:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Missouri.

2. Defendant Cutco Stores, Inc. ("CUTCO") is a foreign for-profit business registered with the State of Missouri.

3. Defendant Vector Marketing Corporation ("VECTOR") is a wholly owned subsidiary of CUTCO and is not registered with the State of Missouri.

4. Prior to November 3, 2013, Defendant CUTCO opened a retail store named "CUTCO Kitchen" that sells knives and goods and facilitates the door to door sales of knives and products at property located at 12528 Olive Blvd., Suite B, Creve Coeur, MO 63141.

5. Prior to November 3, 2013, Defendant CUTCO, using its retail store "CUTCO Kitchen", and through its wholly owned subsidiary Defendant VECTOR, facilitated the door to door sales of knives by recruited individuals, including Plaintiff, to sell CUTCO products as part of its multi-level marketing platform.

6. On or about November 3, 2013, Defendant CUTCO, and its wholly owned subsidiary VECTOR, owed a duty to Plaintiff, by contract and/or assumed a duty by contract, to provide safe equipment for the sale and distribution of products Plaintiff was to sell on behalf of Defendant, specifically knives.

7. At all times pertinent hereto, Defendant CUTCO was a foreign corporation authorized to conduct business in the State of Missouri and was engaged in the business of designing, manufacturing, distributing, marketing, retailing, inspecting, modifying and/or selling equipment, including knives for the Premises as well as for providing manufacturing, distributing, marketing and retailing knives door to door.

8. Defendant CUTCO regularly transacts business in the State of Missouri, maintains continuous and systematic business contacts within the State of Missouri, derives a substantial revenue from goods used or consumed in the State of Missouri, and purposely directs business activities, including the sale and marketing of equipment, machinery, components and services to Missouri residents and businesses.

9. At all times pertinent hereto, Defendant VECTOR was a wholly owned subsidiary of CUTCO, and was engaged in the business of designing, manufacturing, distributing, marketing,

retailing, inspecting, modifying and/or selling equipment, including knives for the Premises as well as for providing manufacturing, distributing, marketing and retailing knives door to door.

10. Pleading in the alternative and upon information and belief, this cause of action arises out of these contacts with the State of Missouri as this action relates to providing inspection, management, and consulting services, as well as the sale of equipment, machinery, including component parts, designed, manufactured, tested, sold, distributed, marketed and retailed by Defendant CUTCO, and its wholly owned subsidiary VECTOR, which was sold in the State of Missouri for use in Missouri, where the injury in question occurred.

11. On or about November 3, 2013, Plaintiff was an independent contractor working for CUTCO, and its wholly owned subsidiary VECTOR, selling CUTCO knives and products door to door.

12. On or about November 3, 2013, Plaintiff was provided a soft black Sales Bag by Defendant CUTCO, and its wholly owned subsidiary VECTOR, that holds the display knives to show potential customers, so that he could carry/transport the knives door to door.

13. On or about November 3, 2013, Plaintiff was wearing the Sales Bag over his shoulder as he entered his vehicle and one of the knives cut through the side of the Sales Bag and punctured Plaintiff on his right side, causing permanent and severe injuries to Plaintiff. (hereinafter, "Occurrence').

14. On or about November 3, 2013, the only protection between Plaintiff and the razor-sharp knives, provided by Defendant CUTCO, and its wholly owned subsidiary VECTOR, was cardboard sheaths that cover the blades and the soft black Sales Bag provided by CUTCO, and its wholly owned subsidiary VECTOR.

15. This court has original jurisdiction over the matter and parties pursuant to 28 USC

§ 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

16. Pleading in the alternative, prior to November 3, 2013, Defendant CUTCO, and its wholly owned subsidiary VECTOR, by and through its agents, servants and/or employees operating within the course and scope of their employment, provided Plaintiff with the knives he was to sell and the soft black Sales Bag to transport the knives.

17. Pleading in the alternative, prior to November 3, 2013, Plaintiff relied on the alleged expertise of Defendant CUTCO, and its wholly owned subsidiary VECTOR, for providing a properly designed and/or manufactured product carrying Sales Bag, including instructions and warnings, and if said Sales Bag was improperly provided, said failure would increase the risk of injury to third parties using or exposed to it, including Plaintiff.

18. Pleading in the alternative, prior to November 3, 2013, the carrying Sales Bag was in a dangerous condition as designed, and/or modified by Defendant CUTCO, and its wholly owned subsidiary VECTOR, in that there was not enough protection between the razor-sharp knives and the Plaintiff, such that the soft black Sales Bag allowed for the knives to pierce the Sales Bag and injure Plaintiff.

19. Pleading in the alternative, prior to November 3, 2013, Defendant CUTCO, and its wholly owned subsidiary VECTOR, failed to provide adequate guarding and/or warnings to address this hazard.

## COUNT I – STRICT LIABILITY – PRODUCT DEFECT – AGAINST DEFENDANT CUTCO AND ITS SUBSIDIARY DEFENDANT VECTOR

COMES NOW Plaintiff, by and through his attorneys, pleading in the alternative, repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant CUTCO, and its wholly owned subsidiary VECTOR, and further states:

20.   Defendants designed, manufactured, distributed, and/or sold the black Sales Bag, in the course of its business.

21.   At the time of its design, manufacture, distribution, and sale of the black Sales Bag, it was in a defective condition unreasonably dangerous when put to a reasonably anticipated use in that there was insufficient guarding between the razor sharp knives the Sales Bag was intended to hold, thus a knife or knives could cut through the Sales Bag and cut those handling the Sales Bag.

22.   The Sales Bag was used in a manner reasonably anticipated by Defendant CUTCO, and its wholly owned subsidiary VECTOR.

23.   As a direct and proximate result of the defective condition of the Sales Bag, as described herein, Plaintiff's body was punctured by a knife. Plaintiff has been damaged in the following particulars, to wit: Plaintiff was caused to sustain serious bodily injury, including severe injuries to his right kidney requiring surgery and ultimately removal of his right kidney; Plaintiff has incurred past medical bills and will, in the future, continue to incur medical bills; further, Plaintiff has incurred lost wages and will continue to incur lost wages into the future.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendant CUTCO, and its wholly owned subsidiary VECTOR, in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs

expended herein, and for such other and further relief as this Court deems just and proper.

### COUNT II – STRICT LIABILITY- FAILURE TO WARN - AGAINST DEFENDANT CUTCO AND ITS SUBSIDIARY DEFENDANT VECTOR

COMES NOW Plaintiff, by and through his attorneys, pleading in the alternative, repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant CUTCO, and its wholly owned subsidiary VECTOR, and further states:

24. At the time Defendant CUTCO, and its wholly owned subsidiary VECTOR, designed, tested, manufactured, assembled, marketed, distributed, provided and/or sold the Sales Bag, it was in an unreasonably dangerous condition when put to a reasonably anticipated use without knowledge of its characteristics.

25. Defendant CUTCO, and its wholly owned subsidiary VECTOR, did not give adequate instructions or warnings for the safe use, operation or exposure to the Sales Bag.

26. The Sales Bag was used in a manner reasonably anticipated by Defendant CUTCO, and its wholly owned subsidiary VECTOR.

27. As a direct and proximate result of Defendant CUTCO, and its wholly owned subsidiary VECTOR's, failure to adequately instruct and/or warn of dangers of the Sales Bag, as described herein, Plaintiff's kidney was stabbed. Plaintiff has been damaged in the following particulars, to wit: Plaintiff was caused to sustain serious bodily injury, including severe injuries to his right kidney requiring surgery and ultimately removal of his right kidney; Plaintiff has incurred past medical bills and will, in the future, continue to incur medical bills.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendant CUTCO, and its wholly owned subsidiary VECTOR, in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs

expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE - AGAINST DEFENDANT CUTCO AND ITS SUBSIDIARY DEFENDANT VECTOR

COMES NOW Plaintiff, by and through his attorneys, pleading in the alternative, repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant CUTCO, and its wholly owned subsidiary VECTOR, and further states:

28. Defendant CUTCO, and its wholly owned subsidiary VECTOR, by and through its employees, agents and/or servants, acting within the course and scope of their employment, designed, tested, manufactured, assembled, installed, inspected, marketed, distributed, and/or sold the Sales Bag.

29. Defendant CUTCO, and its wholly owned subsidiary VECTOR, failed to exercise ordinary care in the design, testing, manufacture, assembly, installation, inspection, marketing, distribution, and/or sale of the Sales Bag, and was negligent in one or more of the following respects:

   (a) Defendants did not provide proper design, testing, manufacture, assembly, installation, or inspection of the Sales Bag, to ensure the adequate guarding from the knives to those using, operating or exposed to it;

   (b) Defendants did not provide or ensure that adequate training was provided to those using or exposed to the Sales Bag regarding its proper use or operation; or

   (c) Defendants did not provide an adequate owner's and/or operator's manual and/or user's guide, instructions, and/or warnings to those using or exposed to the Sales Bag.

30. As a direct and proximate result of one or more of the following acts or omissions which Defendant CUTCO, and its wholly owned subsidiary VECTOR, knew, or in the exercise of ordinary care, could have known, Plaintiff has been damaged in the following particulars, to wit:

Plaintiff was caused to sustain serious bodily injury, including severe injuries to his right kidney requiring surgery and ultimately removal of his right kidney; Plaintiff has incurred past medical bills and will, in the future, continue to incur medical bills.

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendant CUTCO, and its wholly owned subsidiary VECTOR, in an amount that is fair and reasonable, in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED:

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC.**

By____/s/ Michael J. Dalton, Jr.____
Michael J. Dalton, Jr. #60963
James D. O'Leary, #45964
James Corrigan, #45127
1034 South Brentwood Blvd.
Penthouse 1-A, 23rd Floor
St. Louis, MO 63117
Tel: 314-405-9000
Fax: 314-405-9999
dalton@osclaw.com
corrigan@osclaw.com
oleary@osclaw.com
*Attorneys for Plaintiff*