UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:18CV1874 JCH ) |
| CUTCO CUTLERY CORPORATION and VECTOR MARKETING CORPORATION, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Joint Motion of Defendants for Sanctions due to Destruction of Evidence, filed October 7, 2021. (ECF No. 56). The motion is fully briefed and ready for disposition.

By way of background, Plaintiff alleges that on or about November 3, 2013, he was working for Defendants Cutco Cutlery Corporation and/or Vector Marketing Corporation, as an independent contractor making in-home sales of Cutco knives. He claims he was provided a soft black sales bag within which to carry the knives, and that on or about November 3, 2013, one of the knives cut through the side of the bag and punctured him on his right side, causing permanent and severe injuries. In this products liability/negligence action, Plaintiff claims that the defective design of the sales bag designed, manufactured, distributed and/or sold by Defendants caused his injury. Defendants now request sanctions, in the form of an order (a) disqualifying Plaintiff's expert witnesses, (b) striking Plaintiff's pleadings, or (c) permitting Defendants to argue an adverse inference with respect to the missing evidence. They argue that the loss/destruction of the sample kit provided to Plaintiff was tantamount to spoliation of evidence, because it eliminated

Defendants' ability to, among other things, have an expert witness examine the condition of the physical evidence to determine whether its original condition had been altered, or engage an accident reconstructionist to work with the actual evidence involved in Plaintiff's case.

Plaintiff opposes the motion, contending that he did not engage in any sanctionable conduct. Instead, he describes the sequence of events with respect to the kit as follows: Plaintiff provided his former counsel, Jeremy Hollingshead, with the sample kit in 2014. Hollingshead put the kit in a large clear bag, labeled it with Plaintiff's name, and placed it in the drawer his firm was assigned to use in a metal filing cabinet his firm shared with several other attorneys. By the time he was asked to produce the kit, Hollingshead had moved offices and was unaware of the kit's whereabouts. He performed a diligent search to locate it, looking in numerous places including his old office, his new office, and his, his former partner's, and his paralegal's cars and residences, but ultimately was unsuccessful in finding it.

Under Eighth Circuit law, "to warrant dismissal as a sanction for spoilation of evidence 'there must be a finding of intentional destruction indicating a desire to suppress the truth.'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004)); *see also Johnson v. Avco Corp.*, 702 F. Supp. 2d 1093, 1111 (E.D. Mo. 2010). There is no evidence that Plaintiff intentionally destroyed any evidence in this action. Defendants themselves seemingly admit as much, stating that the intention to destroy evidence may be inferred from certain facts, including that Hollingshead did not provide Plaintiff a receipt for the physical evidence, that he kept no written records or other documentation accounting for his custody of the physical evidence, and that he left the evidence in the possession of his former law firm for years after leaving the firm.

Upon consideration, the Court finds there is not sufficient circumstantial evidence for it to conclude that Plaintiff (or his former attorney) intentionally destroyed the sample kit in an effort to suppress the truth. The sanctions requested by Defendants are extreme, and their assertions of bad faith and intentional misconduct are far from sufficient for the Court to dismiss this case or enter any other sanction. *See Stepnes v. Ritschel*, 663 F.3d 952, 965 (8th Cir. 2011) (citation omitted) ("Severe spoliation sanctions, such as an adverse inference instruction, are only appropriate upon a showing of bad faith.").[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion of Defendants for Sanctions due to Destruction of Evidence (ECF No. 56) is **DENIED**.

Dated this   30th     Day of November, 2021.

\s\  Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

1 Although Defendants present (disputed) evidence that they have been prejudiced in their defense by the absence of the sample kit, mere prejudice is insufficient for the Court to impose a sanction for lost evidence. *See Menz*, 440 F.3d at 1006 (declining to adopt an "extreme prejudice" exception to the rule that a district court must find intentional destruction indicating a desire to suppress the truth before sanctioning a party for spoliation of evidence).